UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: WILLIE GIBBONS, et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 13-3530 |
| v. | : | MEMORANDUM |
| | | OPINION & |
| NEW JERSEY STATE POLICE, | : | ORDER |
| STATE OF NEW JERSEY, | | |
| SERGEANT GREGORY LEACH, in his individual and | : | |
| official capacities, and JOHN DOES 1-10, | | |
| | : | |
| Defendants. | : | |

This matter has come before the Court on motion of Defendants for partial dismissal of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Oral argument on the motion was heard on June 10, 2014, and the record of that proceeding is incorporated here. For the reasons articulated on the record that day, the motion will be granted.

## Jurisdiction

This matter was removed to this Court from the Superior Court of New Jersey, Law Division, Cumberland County. It is a civil action over which the district court has original jurisdiction based on a question "arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Here, Plaintiffs assert a violation of civil rights pursuant to 42 U.S.C. § 1983. With respect to Plaintiffs' state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## Background

The matter arises out of the fatal police shooting in Bridgeton, New Jersey of Willie Gibbons, an African-American male diagnosed with paranoid schizophrenia. Plaintiffs are Arlane James, Gibbons' mother; JRG, Gibbons' 12-year-old son, by

guardian Ikeya Crawford; DKL, Gibbons' 12-year-old son, by guardian Angel Stephens; and LMG, Gibbons' 10year-old daughter, by guardian Angel Stephens.  Defendants are the New Jersey State Police, the State of New Jersey, Sergeant Gregory Leach, head of Troop A of State Police, and John Does 1-10.

According to the First Amended Complaint, Gibbons lived with Stephens and her mother in Bridgeton, New Jersey.  On or about Tuesday evening, May 24, 2011, Gibbons and Stephens had an argument.  Stephens called 9-1-1.  State Police Officers from Troop A responded, took Gibbons in for questioning, and searched his truck.  Gibbons advised the officers of his Kroll status, told the officers he felt he was being harassed and asked to file a complaint; was given form to do so.  In the early hours of Wednesday morning, Gibbons was released from the police station with a restraining order preventing him from contact with Stephens.  Gibbons then stayed at a motel.

On Wednesday, May 25, 2011, Gibbons went to his sister's house where his mother lived.  Plaintiffs allege that police cars drove past the house several times. In addition, Gibbons believed that the police also followed him to a local store.  That Wednesday evening, Gibbons' father asked him to retrieve a drill from Stephens' house. Gibbons drove to Stephens' house, knocked on the door, and ended up leaving without the drill.  The same night, Wednesday, May 25, 2011, at approximately 8:30 pm, in response to a 9-1-1 call, three officers went to Stephens' house and were informed that Gibbons had just left in his truck.  Several State troopers, including one off-duty, observed Gibbons walking on road approximately three miles from Stephens' residence and one mile from where his truck had been parked.  The troopers allegedly confronted Gibbons on the road and shot him, later asserting their belief that Gibbons had a gun.

That Thursday at 1:28 a.m., Gibbons was pronounced dead at Cooper University Hospital.  While at Cooper, James states she was "insulted, denigrated, isolated from her son and treated in a derogatory manner by the officers."  Am. Compl. ¶ 38.

The First Amended Complaint asserts the following claims: (1) Defendants violated the New Jersey Law Against Discrimination in shooting Gibbons because of his race; (2) the Defendants violated the New Jersey Constitution in shooting Gibbons because of his race, in violation of his equal protection rights; (3) an equal rights violation under 42 U.S.C. § 1981; (4) a claim under 42 U.S.C. § 1983 for violation of Gibbons' civil rights due to his race and/or disability; (5) excessive force; (6) discrimination in place of public accommodation in violation of the NJLAD because Gibbons was shot in the street, a place of public accommodation; (7) violation of the Americans with Disabilities Act by the troopers; (8) a Rehabilitation Act violation by the New Jersey State Police and the State of New Jersey because Gibbons was denied police protection/service.

## Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into

consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607,

---

[1]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

609 (D.N.J. 2006) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)); <u>see</u> <u>also</u> <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).  <u>Accord</u> <u>Iqbal</u>, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted).  <u>See</u> <u>also</u> <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## <u>Analysis</u>

As discussed on the record during oral argument, Counts 1, 2, 3, 6, 7, and 8, will be dismissed because the factual basis pled for each of these causes of action is insufficient to withstand a motion to dismiss. Claims against the New Jersey State Police, the State of New Jersey, and Sergeant Gregory Leach in his official capacity will

also be dismissed.

## **<u>Conclusion</u>**

Accordingly,

IT IS ORDERED on this 12th day of June, 2014 that the motion of Defendants [5] for partial dismissal of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby <u>GRANTED</u>.

 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.
